IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MESSENGER,

    Petitioner,                No. CIV S-06-1772 RRB GGH P

    vs.

BILL LOCKYER, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner, is proceeding pro se with a petition for writ of habeas corpus filed May 30, 2007. For the following reasons, the court recommends that this action be dismissed based on petitioner's failure to exhaust state court remedies.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

/////

1   After reviewing the petition, the court determined that the claims raised were not
2   exhausted.  On June 28, 2007, the court ordered petitioner to show cause why the petition should
3   not be dismissed based on his failure to exhaust state court remedies.  On July 17, 2007,
4   petitioner filed a response to the show cause order.  Petitioner admits that the claims are not
5   exhausted, but makes several arguments regarding why he should be excused from exhausting
6   state court remedies.  Petitioner argues, for example, that he will be irreparably injured if he is
7   required to return to state court.

8   None of the reasons proposed by petitioner to excuse his failure to exhaust are
9   meritorious.  Accordingly, the court recommends that this action be dismissed for petitioner's
10  failure to exhaust state court remedies.[1]

11  Good cause appearing, IT IS HEREBY RECOMMENDED that petitioner's
12  application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

13  These findings and recommendations will be submitted to the United States
14  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
15  twenty days after being served with these findings and recommendations, petitioner may file
16  written objections with the court.  The document should be captioned "Objections to Findings
17  and Recommendations."  Petitioner is advised that failure to file objections within the specified
18  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
19  (9th Cir. 1991).

20  DATED: 8/3/07

   /s/ Gregory G. Hollows

21  

    mess1772.fr                                                    UNITED STATES MAGISTRATE JUDGE
22

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).