IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MESSENGER,<br><br>                Petitioner,<br><br>   vs.<br><br>BILL LOCKYER, *et al.*,<br><br>                Respondents. | No. 2:06-cv-01772-JKS-GGH<br><br>ORDER |

      Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On August 3, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

      This action was originally initiated by several plaintiffs under 42 U.S.C. § 1983 in the California Superior Court and removed to the federal courts by the Respondents and subsequently converted to individual habeas petitions, all of which present identical issues.[1] Although Petitioner does not contend that he has exhausted the claims made in this Court, he

---

[1] *Aleo v. Lockyer*, 2:06-cv-01766-JKS-GGH; *Blocker v. Lockyer*, 2:06-cv-01767-JKS-GGH; *Calderon v. Lockyer*, 2:06-cv-01769-JKS-GGH; and *Harmon v. Lockyer*, 2:06-cv-01770-JKS-GGH.

argues that in removing the original § 1983 action Respondents waived the requirement that Petition must first exhaust his federal claims in the state courts.  In this Petitioner is incorrect.  The law is clear that exhaustion can not be waived "unless the State, through counsel, expressly waives the requirement."  28 U.S.C. § 2254(b)(3);  *see Banks v. Dretke*, 540 U.S. 668, 705 (2004).  Thus, exhaustion may not be waived by implication.  *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005); *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999); *see also Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (discussing the difference between waiving exhaustion and procedural defaults).

Petitioner has not established that any of the exceptions to the exhaustion doctrine apply.  Petitioner's argument that in removing the original § 1983 action Respondents have prevented the federal constitutional issues to be presented to the California state courts is likewise misplaced.  Petitioner has not shown that he is precluded from presenting his federal constitutional issues to the California courts through the appropriate procedural vehicle.

In reviewing the petition the Court notes that for the most part the issues raised by Petitioner involve the proper interpretation of California law and its application to Petitioner, in particular the administration of the California sentencing law.  Not only are issues of state law beyond the purview of this Court, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law), but the nature of the issues raised gives application of the principle underlying the exhaustion doctrine, comity, particular force in this case.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The findings and recommendations filed August 3, 2007, are adopted in full;
2. Petitioner's application for a writ of habeas corpus is DISMISSED, without prejudice; and
3. This case is closed.

Dated:  December 11, 2007

        s/ James K. Singleton, Jr.
     JAMES K. SINGLETON, JR.
      United States District Judge